IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE RAY BROCK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1399-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leslie Ray Brock seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including bipolar disorder, schizophrenia, depression, high blood pressure, and knee problems. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on September 10, 2008. At the time of the hearing, plaintiff was 38 years old. He has an eighth grade education and no relevant past work experience.[1] Plaintiff has not engaged in substantial gainful activity since November 15, 2005.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from alcoholism, a

---

[1] Although plaintiff worked as a gun shop manager and a maintenance worker, (*see* Tr. at 27, 131), the ALJ determined that neither job qualified as work at the substantial gainful activity level. (*Id.* at 21, 41).

personality disorder, depression, and knee pain, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a wide range of medium work. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a window cleaner, a light fixture servicer, and a cleaner in a hospital -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In three grounds for relief, plaintiff contends that: (1) the assessment of his residual functional capacity is not supported by substantial evidence; (2) the ALJ improperly rejected the opinions of his treating physician; and (3) the ALJ failed to properly evaluate his alcoholism.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the finding that he has the residual functional capacity to perform a wide range of medium work. (*See* Tr. at 20). Instead, plaintiff contends that his severe knee pain limits him to sedentary work and that his mental impairments further limit his ability to deal appropriately with supervisors. (*See* Plf. MSJ Br. at 4-7).

"As factfinder, the ALJ has the sole responsibility for weighing the evidence and choosing whichever limitations are most supported by the record." *Musgrove v. Astrue*, No. 3-07-CV-0920-BD, 2009 WL 3816669 at *6 (N.D. Tex. Nov. 13, 2009), *citing Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). Here, the ALJ properly weighed all the evidence and rejected

plaintiff's claim that his knee pain prevents him from performing work at the medium exertional level. Significantly, there is no objective medical evidence that plaintiff's knee impairment limited him only to sedentary work. Although plaintiff was diagnosed with osteoarthritis and complained of knee pain, (*see* Tr. at 364, 428, 429, 430, 660), the diagnosis of a condition, by itself, is not evidence of a functional limitation. *See Elam v. Barnhart*, 386 F.Supp.2d 746, 757 & n.14 (E.D. Tex. 2005) (diagnosis of arthritis unaccompanied by medical finding of functional limitation did not undermine substantial evidence supporting RFC assessment for more than sedentary work). Indeed, there is no evidence that a physician ever restricted plaintiff's work activities because of his knee impairment. To the contrary, a physical residual functional capacity assessment performed by Dr. James Wright, a state agency physician, indicates that plaintiff can lift 50 pounds occasionally and 25 pounds frequently, and can stand or walk about six hours in an eight-hour work day. (*Id.* at 222). This expert medical opinion constitutes substantial evidence to support the finding that plaintiff can perform a wide range of medium work. *See, e.g. Brown v. Astrue*, No. 3-08-CV-0255-D, 2009 WL 64117 at *4 (N.D. Tex. Jan. 12, 2009) (function-by-function residual RFC assessment prepared by state agency medical consultant constitutes substantial evidence); *Zeno v. Barnhart*, No. 1-03-CV-649, 2005 WL 588223 at *9 (E.D. Tex. Feb. 4, 2005) (same).[2]

C.

Next, plaintiff contends that the ALJ failed to properly evaluate the opinion of his treating psychiatrist, Dr. Lark Hughes, who determined that plaintiff's mental impairments significantly limit his ability to perform work-related activities, including the ability to deal with supervision. In a mental residual functional capacity questionnaire dated June 6, 2007, Dr. Hughes opined that

---

[2] To the extent plaintiff relies on his own statements that the pain in his knee makes it difficult for him to walk, bend, or climb stairs, (*see* Tr. at 29, 150, 151), the ALJ rejected those subjective complaints as "not fully credible." (*See id.* at 20-21).

plaintiff was "unable to meet competitive standards" in eight different areas of mental functioning: (1) work in coordination with or proximity to others without being unduly distracted; (2) complete a normal workday and workweek without interruptions from psychologically based symptoms; (3) accept instructions and respond appropriately to criticism from supervisors; (4) get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; (5) deal with normal work stress; (6) carry out detailed instructions; (7) interact with the general public; and (8) maintain socially appropriate behavior. (*See* Tr. at 243-44). The ALJ specifically considered this opinion, but did not incorporate all the limitations into his residual functional capacity finding. (*See id.* at 16, 20). Instead, the ALJ found that plaintiff could perform and sustain "detailed but not complex work dealing with things rather than people and as little as possible interaction with crowds, public and coworkers." (*See id.* at 20). The ALJ did not further limit plaintiff's residual functional capacity based on his alleged inability to deal appropriately with supervisors.

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

(1) the physician's length of treatment of the claimant;

(2) the physician's frequency of examination;

(3) the nature and extent of the treatment relationship;

 (4) the support of the physician's opinion afforded by the medical evidence of record;

 (5) the consistency of the opinion with the record as a whole; and

 (6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

In a thorough written decision, the ALJ explained why he rejected Dr. Hughes' opinions regarding plaintiff's ability to meet competitive work standards:

> [T]he opinion expressed by Dr. Hughes was quite conclusory, providing very little explanation of the evidence relied on in forming that opinion and even appeared inconsistent with reported findings. Dr. Hughes' opinion contrasts sharply with the other evidence of record, which renders it less persuasive.

(Tr. at 21) (internal citations omitted). While terse, this explanation constitutes "good cause" for giving Dr. Hughes' opinions limited or no credence. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), he cited to the applicable regulations and demonstrated that the relevant factors had been considered. (*Id.* at 16, 21). The regulations require only that the Commissioner "apply" the section 1527(d)(2) factors and articulate

good reasons for the weight assigned to a treating source opinion. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ need not recite each factor as a litany in every case.

Plaintiff appears to fault the ALJ for mischaracterizing and then summarily rejecting Dr. Hughes' assessment of his mental residual functional capacity as a mere opinion that plaintiff "was disabled." (*See* Tr. at 21). It is true that Dr. Hughes never offered an opinion on the ultimate issue of whether plaintiff was disabled. However, the limitations noted in the residual functional capacity questionnaire completed by Dr. Hughes clearly suggest that plaintiff is unable to engage in any gainful and substantial work activity. (*See id.* at 241-45). Elsewhere in his written decision, the ALJ thoroughly discussed the information contained in the questionnaire:

> Dr. Hughes opined that the claimant was seriously limited in his ability to remember work like procedures, carry out very short and simple instructions, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary routine without supervision, make simple work related decision [*sic*], perform at a consistent pace without unreasonable rest periods, ask simple questions or request assistance, respond appropriate [*sic*] to changes in work environment, use public transportation, understand and remember detailed instructions, set realistic goals or make plans independently of others, and deal with stress of semi-skilled or skilled work. Dr. Hughes further opined that the claimant was unable to meet competitive standards of function in working with others without being unduly distracted by them, completing a normal workday or workweek without interruptions from psychologically based symptoms, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes, dealing with normal work stress, carrying out detailed instructions, interacting appropriately with general public, and maintaining social [*sic*] appropriate behavior.

(*Id.* at 16). As previously discussed, those opinions were rejected for good cause. No error occurred in this regard.

Nor does the record support a finding that plaintiff lacks the mental residual functional capacity to deal appropriately with supervisors. Other than Dr. Hughes, whose opinion was rejected for good cause, no treating or examining physician ever indicated that plaintiff was unable to deal appropriately with supervision in a regular work setting. To the contrary, Dr. Norvin Curtis, a state agency psychologist, indicated that plaintiff was only "moderately" limited in his ability to accept instructions and respond appropriately to criticism from supervisors. (*See id.* at 218). That plaintiff may have been uncooperative with relatives, teachers, hospital staff, and law enforcement at various times in his life, (*see id.* at 288, 317, 287, 486), is not probative of whether he is able to accept instructions and respond appropriately to criticisms from supervisors. The record as a whole demonstrates that the ALJ's assessment of plaintiff's residual functional capacity is supported by substantial evidence.

### D.

Finally, plaintiff contends that the ALJ failed to properly evaluate his alcoholism under 20 C.F.R. §§ 404.1535 and 416.935. In 1996, Congress passed the Contract with America Advancement Act ("CAAA"), Pub.L. No. 104-121, 110 Stat. 847 (1996), which provides, in pertinent part:

> [A]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. § 1382c(a)(3)(J). Under regulations implementing this legislation, the Commissioner must ascertain whether drug or alcohol addiction is "a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a) & 416.935(a). The key factor in making this determination "is whether we would still find you disabled if you stopped using drugs or alcohol."

*Id.* § 404.1535(b)(1). If a claimant's remaining limitations would not be disabling, drug addiction or alcoholism is considered to be "a contributing factor material to the determination of disability." *Id.* § 404.1535(b)(2)(i). The claimant bears the burden of proving that his or her remaining limitations are disabling independent of drug or alcohol abuse. *See, e.g. Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *Dyer v. Astrue*, No. 3-08-CV-1407-BD, 2010 WL 304242 at *3 (N.D. Tex. Jan. 26, 2010).

The CAAA regulations apply only if the ALJ finds that the claimant is disabled. 20 C.F.R. §§ 404.1535(a) & 416.935(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability."); *see also Slatten v. Astrue*, No. 09-0717, 2010 WL 3190644 at *3 (W.D. La. Jul. 19, 2010), *rec. adopted*, 2010 WL 3199723 (W.D. La. Aug. 12, 2010) (before considering whether drug and alcohol abuse is a contributing material factor, there must first be a finding of disability); *Oettinger v. Barnhart*, No. SA-01-CA-0801-OG-NN, 2002 WL 31422308 at *5 (W.D. Tex. Sept. 4, 2002) (same). Here, the ALJ never found that plaintiff was disabled. Thus, no evaluation of his alcoholism was required. *See Parton v. Comm'r of Social Sec.*, No. 1-07-CV-476, 2008 WL 4657086 * 9 (S.D. Ohio, Oct. 21, 2008) ("[I]f the claimant is found not disabled, despite whatever limitations he or she has, including those related to substance or alcohol abuse, the question of whether claimant's limitations are impacted by such drug or alcohol use is moot.").

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: September 16, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE